CANADY, J,,
concurring in result.
I agree that the decision of the Second District Court of Appeal should be quashed because the practice at issue here is in violation of the trial court’s indisputable legal duty under Florida Rule of Judicial Administration 2.530(d)(1). That rule precludes the taking of testimony through communication equipment without the consent of all the parties in the absence of some other rule authorization. Here, there was no consent and no other rule authorization for the trial court’s conduct.
I therefore would rephrase the certified question as follows:
Does Florida Rule of Judicial Administration 2.530(d)(1) require that a judge be physically present to preside over involuntary inpatient placement hearings under section 394.467, Florida Statutes (2016), unless the parties agree that the judge may participate by way of communication equipment?
And I would answer the rephrased question in the affirmative.
In my view, the issue presented by this case is readily resolved by the text of Rule 2.530(d)(1).
POLSTON, J., concurs.